**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| FREDERICK BOOKER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Cv. No. 2:20-cv-2678-SHM-tmp |
| v. | ) | Cr. No. 2:09-cr-20002-SHM-2 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**ORDER DENYING & DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**
**AND**
**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On September 8, 2020, Movant Frederick Booker, Bureau of Prisons register number 22718-076, an inmate then incarcerated at the United States Penitentiary in Beaumont, Texas, filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  ("§ 2255 Motion," ECF No. 1.)  The § 2255 Motion addressed the Judgment And Commitment Order on Revocation of Supervised Release in his criminal case. (*See* Cr. No. 09-20002, ECF No. 195.)  Booker has since been released from prison.[1]  For the reasons stated below, the § 2255 Motion is DENIED as moot.

I.    **BACKGROUND**

On January 14, 2009, a federal grand jury returned an indictment charging Booker and his two co-defendants, Wesley Futrell and Reginald Williams, with one count of conspiracy to

---

[1] According to the Federal Bureau of Prisons, Booker was released from federal custody on March 10, 2023.  *See* Federal Bureau of Prisons, Find an inmate (last accessed Aug. 10, 2023).

possess with the intent to distribute, and to distribute, at least five kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846 (Count 1), and one count of aiding and abetting an attempt to possess with the intent to distribute, and to distribute, at least five kilograms of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846 (Count 2).  (Cr. No. 09-200002, ECF No. 1 at PageID 1-2.)  On April 2, 2010, Booker pled guilty, pursuant to a plea agreement, to Count One of the Indictment.  (*See* ECF Nos. 87 & 88.)  At a sentencing hearing on August 16, 2010, the Court sentenced Booker to a term of imprisonment of one hundred eight (108) months, to be followed by a three-year period of supervised release.  (ECF No. 121.)  Judgment was entered on August 17, 2010.  (ECF No. 125.)

On May 25, 2011, Booker filed a *pro se* § 2255 Motion.  (Civ. No. 11-2420, ECF No. 1.)  On December 9, 2013, the Court denied relief.  (ECF No. 9.)  Booker did not appeal.

On February10, 2015, Booker filed a motion to reduce his sentence.  (Cr. No. 09-20002, ECF No. 149.)  On February 23, 2015, the Court denied the motion.  (ECF No. 154.)  Booker appealed (ECF No. 156), and on January 25, 2016, the Sixth Circuit dismissed the appeal for failure to timely file the notice of appeal.  (ECF No. 159 at PageID 344.)

In July 2019, the Court issued an arrest warrant for Booker for a supervised release violation, a Class A violation for aggravated assault.  (ECF No. 167 at PageID 364; *see* ECF No. 163 (sealed).)  On November 7, 2019, the court entered a Judgment And Commitment Order on Revocation of Supervised Release.  (ECF No. 195.)  The Court revoked Booker's supervised release and ordered that he be incarcerated for fifty-one (51) months with no supervised release to follow.  (*Id.* at PageID 388.)  Booker did not appeal.

## II.    THE INSTANT § 2255 MOTION

On September 8, 2020, Booker filed a § 2255 Motion alleging:

1. Ineffective assistance of counsel for counsel's failure to prepare for the supervised release hearing, asking the wrong questions of witnesses, ineffective cross-examination of government witnesses; and failure to submit documents for the defense (Civ. No. 20-2678, ECF No. 1 at PageID 4);

2. The state court charges that led to his supervised release violation were dismissed in state court because he was trying to flee the incident at Marlowe's restaurant, he was not the aggressor, and his actions did not constitute aggravated assault (*id.* at PageID 5); and

3. The witnesses for the Government were not credible and gave conflicting and false testimony.  (*Id.* at PageID 7; *see* ECF No. 1-1 at PageID 15).

Booker asked the Court to reexamine the facts and consider reduction of the sentence or dismissal.  (*Id.* at PageID 13.)  On November 16, 2020, the Government filed the Response of the United States in Opposition to Defendant's § 2255 Motion.  (ECF No. 8.)  On November 27, 2020, Booker wrote a letter to the judge in which he supplemented his allegations about evidence that could have been presented had his counsel being unprepared.  (ECF No. 9 at PageID 55-57.)  On December 1, 2020, Booker wrote a second letter to the judge in reply to the Government's response.  (ECF No. 10 at PageID 59.)

## III.    ANALYSIS

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'"  *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (citing U.S. Const., art. III, § 2).  This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there."  *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011).  A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to

3

the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A prisoner's challenge satisfies this requirement because incarceration itself is a concrete injury. However, once the sentence has expired, some concrete and continuing injury or collateral consequence, other than the now-ended incarceration or parole, must exist if the suit is to be maintained. *Id.*; *see Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). Where a prisoner is challenging only the part of his sentence he has already completed, the presumption that the case or controversy requirement has been met does not apply, and he must point to some other continuing adverse consequence. *See United States v. Perotti*, 702 F. App'x 322, 323-324 (6th Cir. 2017). A § 2255 motion is moot where the court can no longer provide meaningful relief. *See United States v. Rutledge*, Case Nos. 3:10-cr-13, 3:13-cr-179, 3:15-cv-356, 2016 WL 3582123, at *6 (S.D. Ohio June 28, 2016).

In the instant case, Movant has now served his sentence for the revocation of supervised release. No supervised release term followed. He is no longer in custody, and the relief Movant seeks can no longer be granted by the Court. Therefore, the § 2255 Motion is DENIED as moot. Judgment shall be entered for the United States.

## IV.  APPELLATE ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree

4

that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).  A COA does not require a showing that the appeal will succeed.  *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).  Courts should not issue a COA as a matter of course.  *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).  In this case, for the reasons previously stated, Movant's claims are DENIED as moot.  Movant cannot present a question of some substance about which reasonable jurists could differ.  The Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.  *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).  Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a).  *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith,

and leave to appeal *in forma pauperis* is DENIED.  If Defendant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).

IT IS SO ORDERED this 14th day of August, 2023.

*s/   Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE